```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE RAMP CORPORATION                  :    05 Civ. 6521 (DLC)
SECURITIES LITIGATION,                  :
                                        :    MEMORANDUM OPINION
This document relates to all actions.   :         & ORDER
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

At a fairness hearing in this action on June 29, 2007, Kenneth Blake Golding objected to the proposed settlement of this putative class action. For the reasons stated on the record and in this Opinion, the class is certified, and the settlement and proposed plan of allocation are approved.

Mr. Golding asserts that he lost a significant amount of his investment in Ramp. He principally objects that the notice to the class of the pendency of the litigation and settlement terms was inadequate, that the settlement does not adequately compensate those who lost money as a result of spikes and steep declines in Ramp stock prices in October and November 2003, that the lawsuit was filed prematurely in that it does not have the benefit of any findings made from the SEC's investigation of Ramp, that the two remaining individual defendants should be required to disgorge any profits that they made from trading in Ramp stock and otherwise contribute to the settlement from their future earnings, that depositions should be taken of investors

who traded Ramp securities in the Fall of 2003, and that the fees and expenses of class counsel will consume too much of the settlement fund.  This last issue is being addressed through further briefing ordered by the Court on June 29 to permit findings to be made under Rule 11, as required by the PSLRA, and to assess properly an award of fees and costs, if any, to class counsel.  Mr. Golding's remaining objections do not alter the Court's evaluation that the settlement is entitled to approval.

The notice to the class was adequate, and as explained by the administrator during the June 29 hearing, achieved a more complete and timely disclosure than many class actions.  If any class member received late notice, the class member will have an opportunity to apply for appropriate relief.  There is no reason to believe that notice was so deficient that the Court is unable to judge in a reliable way the reaction of the class to the proposed settlement.

Mr. Golding's objections principally relate to trading in the Fall of 2003, and his speculation that defendant Andrew Brown's receipt of a bribe from a foreign investor at that time requires further investigation and entitles the class to greater compensation from Brown and his remaining co-defendant.  In this litigation, the class is only entitled to recover damages that it can prove were caused by the alleged wrongdoing, which among other things, required the class to identify a public disclosure

of misleading information or a material omission that caused the stock to decline in value.  The first disclosure was made in May 2005 and provides the measure of damages used in this settlement.  Mr. Golding does not suggest that there was any prior partial disclosure of the alleged fraud that could be similarly used to measure damages.  The volatility of the stock, therefore, during earlier periods of time cannot be attributed to the fraud addressed in this lawsuit.  Moreover, to the extent that Mr. Golding's objection is premised on a theory that the two defendants engaged in improper trading for their own benefit during this period of time, the defendants demonstrated at the hearing that this was not the case.

Nor has Mr. Golding persuaded the Court that the lawsuit was filed prematurely.  To the extent that this lawsuit was premised on a viable theory, the statute of limitations that applies to lawsuits such as this would not have been tolled while plaintiffs waited for the outcome of any SEC investigation.  It is noteworthy that the SEC has not yet acted publicly in this matter, and over two years have passed since the May 2005 disclosures.

Mr. Golding has also not shown that the litigation should be continued to pursue further discovery.  There is no reason to take discovery of those who invested in the Fall of 2003.  To the extent that these individuals were injured and are entitled

3

to participate in the recovery in the lawsuit, they have received notice and may present claims. This lawsuit is not premised on a theory that the stock price was manipulated in the Fall 2003 trading, and Mr. Golding has not shown that a lawsuit premised on such a theory would be either timely or likely to succeed.

The request that the individual defendants be required to contribute more to the settlement either now or in the future must be rejected. This settlement results in a gross recovery of about one-third of the damages suffered by the class. Proceeding with the litigation risks losing even this recovery. In any event, there must be finality to litigation, and the suggestion that the two individual defendants be required to contribute over a span of years to the settlement fund from their future earnings is rejected. Accordingly, it is hereby

ORDERED that the class is certified.

IT IS FURTHER ORDERED that the settlement is approved.

IT IS FURTHER ORDERED that the plan of allocation is approved.

SO ORDERED:

Dated:   New York, New York
         July 3, 2007

_____
DENISE COTE
United States District Judge

COPY MAILED TO:

Kenneth Blake Golding
420 West 24th Street
New York, NY 10011